UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>VENTURE DEBT LLC,<br><br>Defendant. | Civil Action No.: 3:25-cv-00651<br><br>Hon. William M. Conley |

**DEFENDANT VENTURE DEBT LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. PROC. 55(c)**

Defendant Venture Debt LLC ("Venture"), pursuant to Federal Rule of Civil Procedure 55(c), respectfully requests that the Court set aside the Entry of Default entered against it on September 18, 2025. (Dkt. 6).

**I.    INTRODUCTION**

On September 18, 2025, Plaintiff Kevin Bachhuber rushed to court and obtained a clerk's entry of default against Venture in connection with Plaintiff's class action complaint for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Immediately upon discovering the default, Venture, through its counsel, proposed that the parties stipulate to set aside the default and to allow Venture until October 16th to respond to the Complaint. Plaintiff agreed to do so, but only if Venture filed its response by October 3rd. Because Venture required the additional time to work with its counsel to properly investigate and respond to Plaintiff's claims, Venture did not agree to Plaintiff's proposed timeframe and no stipulation was reached. In other words, Venture was forced to bring this motion simply because Plaintiff

unreasonably tried to "win" a ***nationwide class action*** case seeking substantial monetary recovery on a mere ***technicality*** and refused to give Venture an additional ***13 days*** to respond.

As discussed below, Venture easily satisfies the requirements for setting aside a default under Rule 55(c):

    i.   Its failure to appear was inadvertent;
    ii.  It promptly acted to set aside the default; and
    iii. It has meritorious defenses.

Accordingly, this Court should grant Venture's motion and allow Venture to file a response within 21 days of the Court's ruling.

## II.     RELEVANT TIMING AND FACTUAL BACKGROUND

On August 4, 2025, Plaintiff filed this putative class action complaint against Venture alleging violations of the Do-Not-Call provisions under Section 227(c) of the TCPA. (Dkt. 1). Specifically, Plaintiff alleges that Venture made unsolicited "telemarketing solicitations . . . to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry." (*Id*., ¶ 56.) The Complaint seeks substantial statutory damages between $500 to $1,500 per violation. (*Id*., Prayer for Relief.)

On August 18, 2025, Plaintiff attempted to serve the Summons and Complaint by delivering a copy to an individual named Marcus Tarbet. The Affidavit of Service filed by Plaintiff falsely describes Mr. Tarbet as an "Employee authorized to accept . . . service of process for [Venture]." In fact, Mr. Tarbet is not an employee of Venture, nor was he authorized to accept service of process on Venture's behalf. (Declaration of Brian Stulman ISO Motion to Set

Aside Default ("Stulman Decl."), ¶ 4.) As a result, Venture did not learn about the attempted service of the Complaint until after default was entered.[1] (*Id.*, ¶ 3.)

On September 18, 2025, Plaintiff filed a Motion for Entry of Clerk's Default based on Venture's alleged failure to timely appear in the lawsuit. (Dkt. 5.) Plaintiff's motion falsely states that Venture "was served on August 18, 2025" and that Venture "did not file a responsive pleading despite acknowledging receipt of the lawsuit." (*Id.*) Contrary to Plaintiff's representation, however, Venture was not served on August 18, 2025, nor did it "acknowledg[e] receipt of the lawsuit" prior to the entry of default. (Stulman Decl., ¶ 5.) The Clerk entered a default against Venture on the same day Plaintiff filed his motion. (Dkt. 6).

On September 19, 2025, unaware of the default, counsel for Venture informed Plaintiff's counsel that it would be representing Venture in the litigation. (Declaration of Michelle Catapang ISO Motion to Set Aside Clerk's Entry of Default ("Catapang Decl.") ¶ 4.) Venture's counsel advised Plaintiff's counsel that Venture "belie[ved] they have not been served," inquired about the status of service, and offered "to arrange with you for an agreed response date." (*Id.*)

To Venture's surprise, Plaintiff's counsel advised that a default had been entered a day earlier. (*Id.*, ¶ 5.) He indicated Plaintiff would not oppose setting aside the default provided Venture filed its response to the Complaint by October 3, 2025. (*Id.*, ¶ 6.) Because Plaintiff's proposed deadline would not have given Venture sufficient time to properly investigate and respond to Plaintiff's claims, Venture's counsel requested until October 16, 2025—an additional 13 days—in which to do so. (*Id.*, ¶ 7.) Plaintiff refused this short extension of time and therefore

---

[1] To streamline the issues and to avoid further delay, Venture does not challenge the validity of the service of the Complaint on Mr. Tarbet for purposes of this motion. Rather, Venture raises Mr. Tarbet's lack of authority solely to show Venture's belief that no service attempt had been made prior to entry of default.

no stipulation regarding vacating the default could be filed. Venture promptly filed this motion 18 days after the parties reached an impasse regarding Venture's proposed stipulation.

### III. LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. Proc. 55(c). The party seeking to set aside a default must establish "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). The "good cause" requirement under Rule 55(c) pertains to whether there is good cause for the judicial action, not "good cause" for defendant's error. *See Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). The standard for setting aside a default under Rule 55(c) is "lenient," consistent with "a policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631.

### IV. THE COURT SHOULD SET ASIDE THE CLERK'S ENTRY OF DEFAULT AGAINST VENTURE PURSUANT TO RULE 55(c)

Venture easily meets each of the three requirements for setting aside the default.

#### A. Good Cause Exists To Set Aside The Default Against Venture

Regardless of the issues surrounding service, "good cause" exists to set aside the entry of default because Venture's failure to appear in the case prior to entry of default was inadvertent. *See Cracco*, 559 F.3d at 631 ("[Defendant] has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence"). Here, Venture was unaware of Plaintiff's attempt to serve the Complaint prior to entry of default because the documents were delivered to a non-employee. (Stulman Decl., ¶¶ 3-4.). Indeed, Venture did not "willfully ignore" the Complaint; rather, it did

the exact opposite by retaining counsel and trying to arrange a mutually agreeable deadline to respond to the Complaint. (Catapang Decl. ¶ 4.)

The Seventh Circuit and district courts within this Circuit have repeatedly found similar circumstances constitute "good cause" to set aside a default. *See e.g., Cracco*, 559 F.3d at 631 ("Although [defendant] should have taken measures to ensure that service of process on its registered agent was forwarded to the appropriate employee, there is no evidence that it acted willfully when it failed to respond to [the] complaint"); *U.S. v. Liberty Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 147111, at \*\*17-21 (E.D. Wis. Aug. 29, 2018) (setting aside default that resulted from employee's failure to notify the appropriate individual about the litigation); *Vander Meer-Weiss v. Kroger Co.*, 2019 U.S. Dist. LEXIS 213362, at \*\*5-6 (E.D. Wis. Dec. 11, 2019) (lack of proper service of the complaint constituted "good cause" to set aside default).

Moreover, the substantial monetary recovery sought by Plaintiff is further "good cause" to set aside the default against Venture. Plaintiff's demand for statutory damages between $500 and $1,500 per violation (i.e. per call) on behalf of himself and a <u>nationwide</u> class far outweighs the minimal oversight by Venture. Although Venture contends that no class can or should be certified, it would be profoundly unjust to allow the default to stand without giving Venture the opportunity to present a defense. *See Sims*, 475 F.3d at 868 ("damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case") (emphasis in original). Based on the foregoing, Venture has satisfied the "good cause" requirement under Rule 55(c).

B.  <u>Venture Took Quick Action To Set Aside The Default</u>

Upon discovering the default, Venture immediately tried to reach an agreement with Plaintiff regarding setting it aside, and promptly filed this motion after it became clear that

Plaintiff would not cooperate. (Catapang Decl., ¶¶ 7-8.) Because Venture filed this motion just 18 days after the entry of default, it has satisfied the second requirement under Rule 55(c). *See School Dist. of Janesville v. EB Employee Solutions, LLC*, 2022 U.S. Dist. LEXIS 18657, *2-3. (W.D. Wis. Feb. 2, 2022) (granting motion to set aside default filed more than three weeks after entry of default).

      C.      <u>Venture Has Several Meritorious Defenses To The Complaint</u>

Venture has retained experienced TCPA counsel, but that counsel has not had sufficient time to fully investigate the claims or to formulate all appropriate defenses. It was for this very reason that Venture requested the professional courtesy of an extension once it became clear that Plaintiff believed that service had been effectuated. Although Venture must present more than "bare legal conclusions" to satisfy the "meritorious defense" requirement, it need not show at this stage that its defenses will prevail. *See Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Here, based upon its very preliminary investigation that it has been able to conduct, Venture has several meritorious defenses to the Complaint that warrant setting aside the default.

Express consent is a complete defense to Plaintiff's TCPA claim. *See* 47 C.F.R. § 64.1200(c)(2)(ii) (no liability under the Do-Not-Call provisions for telephone solicitations made with the subscriber's "prior express invitation or permission"). Because Venture has a policy of placing calls only to persons who have expressly consented to receive such calls, Venture believes that Plaintiff (or some other person on Plaintiff's behalf) consented to receive calls from Venture at the cellphone number at issue.[2]

---

[2] Because the Complaint omits the last four digits of the cellphone number at issue, Venture is unable to investigate at this time how it obtained that phone number.

Venture also has a strong argument that the Do-Not-Call provisions upon which Plaintiff relies expressly apply only to "residential telephone subscriber[s]," not to cellphone subscribers like Plaintiff. *See* 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Because Plaintiff alleges only calls to his cellular phone, he has no standing for his individual claims, nor can he seek to represent the putative class.

Venture also denies that any violation of the TCPA was "willful or knowing," and therefore Plaintiff is not entitled to treble damages under the TCPA. *See* 47 U.S.C. § 227(c)(5). Because Venture only seeks to make calls to those who have expressly consented to receive such calls, to the extent there are any violations, they were not committed "willfully or knowingly."

Finally, Plaintiff cannot satisfy the requirements of class certification under Rule 23 although discovery is needed to ascertain the precise grounds for denial of class certification. That said, several courts have denied class certification in similar cases brought under the TCPA's Do-Not-Call provisions. *See e.g., Abdallah v. FedEx Corporate Servs.*, 2021 U.S. Dist. LEXIS 49145, at *20 (N.D. Ill. Mar. 16, 2021); *Davis v. Capital One N.A.*, 2025 U.S. App. LEXIS 21916, at **15-16 (4th Cir. 2025); *Hirsch v. USHealth Advisors, LLC*, 2020 U.S. Dist. LEXIS 228396, at *127 (N.D. Tex. Dec. 7, 2020). Like in those cases, Venture believes that further investigation and discovery will establish that class certification is improper here.

In view of these and other possible defenses available to Venture that will be uncovered through further investigation and analysis, and given the high stakes at issue, the court should set aside the default and allow the case to be resolved on the merits. Based on the foregoing, Venture has satisfied the third requirement under Rule 55(c).

## V. CONCLUSION

Venture has satisfied each of the requirements under the liberal standard set forth under Rule 55(c). Accordingly, this Court should grant Venture's motion as follows:

1) The Clerk's default against Venture entered on September 18, 2025 (Dkt. 6) shall be set aside; and,

2) Venture shall file its response to the Complaint within 21 days from the date of the Court's ruling on this motion.

Dated October 6, 2025.                    Respectfully submitted,

                                          Venture Debt LLC

                                     By: /s/ Anna-Katrina S. Christakis
                                          One of its Attorneys

Anna-Katrina S. Christakis
WI Bar No. 1023871
Pilgrim Christakis LLP
One South Dearborn, Ste. 1420
Chicago, IL 60603
(312) 939-0920
kchristakis@pilgrimchristakis.com

Tomio B. Narita (*pro hac vice* forthcoming)
Michelle Catapang (*pro hac vice* forthcoming)
Womble Bond Dickinson (US) LLP
50 California Steet, Suite 2750
San Fransico, CA 94111
(415) 765-6244
Tomio.Narita@wbd-us.com
Michelle.Catapang@wbd-us.com

## CERTIFICATE OF SERVICE

 I hereby certify that on the 6th day of October, 2025, a true and correct copy of the foregoing **DEFENDANT VENTURE DEBT LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. PROC. 55(c)** was filed via the CM/ECF System and was served upon the following:

Alex Phillips, WI Bar No. 1098356
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com

Anthony Paronich, *pro hac vice forthcoming*
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiffs*

                /s/ Anna-Katrina S. Christakis
                Anna-Katrina S. Christakis