# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>VENTURE DEBT LLC,<br><br>Defendant. | Civil Action No.: 3:25-cv-00651<br><br>Jury Trial Demanded |

## DECLARATION OF MICHELLE F. CATAPANG IN SUPPORT OF DEFENDANT VENTURE DEBT LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

I, Michelle F. Catapang, declare as follows:

1. I am an Associate at Womble Bond Dickinson (US) LLP, counsel of record for Defendant Venture Debt LLC ("Venture") in this matter.

2. I make this declaration in support of Venture's Motion to Set Aside Clerk's Entry of Default. I have personal knowledge of the matter stated herein, and if called as a witness, I could and would testify truthfully and competently to this matter.

3. On or about September 16, 2025, Venture's Chief Executive Officer David Rubin contacted our law firm to represent Venture in the above-referenced case and provided us with a copy of the Complaint.

4. On September 19, 2025, my colleague Tomio Narita sent an email to Plaintiff's counsel Anthony Paronich informing him that our law firm will represent Venture in the litigation. Mr. Narita indicated that it was Venture's "belief they have not been served," and

WBD (US) 4938-0394-9935

inquired about the status of service of the Complaint. Mr. Narita also asked Mr. Paronich if the parties could discuss a mutually-agreeable deadline for Venture to respond to the Complaint.

5. On the same day, Mr. Paronich responded stating Plaintiff "got a default yesterday." This was the first time our law firm learned about the default and about the attempted service of the Summons and Complaint on Venture on August 18, 2025, as indicated in the Affidavit of Service filed by Plaintiff.

6. In his September 19th email, Mr. Paronich stated that if Venture filed a motion to set aside the default that same day (i.e. September 19th), and agreed to a responsive pleading deadline of "14 days from today" (i.e. October 3, 2025), Plaintiff would not oppose the motion.

7. On September 25, 2025, I emailed Mr. Paronich and advised him that our law firm had "just finalized our engagement with our client" and requested until October 16, 2025 to respond to the Complaint. I explained to Mr. Paronich that Venture "was under the impression that the Complaint and Summons had not been served" and that its failure to appear in the case prior to entry of default was "inadvertent." In an attempt to avoid motion practice, I then asked Mr. Paronich whether Plaintiff would stipulate to setting aside the default and to a response deadline of October 16th.

8. On September 29, 2025, Mr. Paronich indicated Plaintiff's refusal to enter into the proposed stipulation by stating, "We will review a motion and respond." After it became clear that Plaintiff would not stipulate to setting aside the default, our firm immediately proceeded to prepare and file the present motion.

WBD (US) 4938-0394-9935

9. Attached as **Exhibit A** is a true and correct copy of our firm's email exchange with Plaintiff's counsel between September 19 and 29, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated this 6th of October, 2025.

/s/ Michelle F. Catapang
Michelle F. Catapang

Michelle F. Catapang *(Pro Hac Vice* Forthcoming)
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Ste. 2750
San Francisco, CA 94111
(415) 433-1900
Michelle.Catapang@wbd-us.com

WBD (US) 4938-0394-9935