## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**KEVIN BACHHUBER,** individually and on behalf of all others similarly situated,

Case No. 25-cv-651

*Plaintiff,*

*v.*

**VENTURE DEBT.LLC,**

*Defendant.*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO SET ASIDE DEFAULT

### Introduction

Plaintiff Kevin Bachhuber respectfully opposes Defendant Venture Debt LLC's motion to set aside the Clerk's entry of default. The record establishes a willful default. Defendant had actual knowledge of this action, received repeated reminders that its response was overdue, and nonetheless chose not to appear. Instead, it opted for a wait-and-see approach, delaying while it considered whether to change counsel. Where a default is willful, courts may deny relief without reaching the other Rule 55(c) factors. See, e.g., *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). Even if the Court considers those factors, each weighs against relief: Venture lacks good cause, failed to take quick action, and has not demonstrated a meritorious defense supported by facts. At minimum, any relief should be conditioned on immediate compliance with Rule 12 deadlines and strict preservation obligations.

### Relevant Timeline

Plaintiff filed this putative TCPA class action on August 4, 2025, and effected service on August 18, 2025. Defendant later suggested that service was improper, but contemporaneous

1

communications show it was aware of the action. On August 29, 2025, Plaintiff's counsel, Anthony Paronich, corresponded with defense counsel, Michael Ershowsky, regarding responsive pleadings and discovery, at which time defense counsel stated that additional time was needed to retain Wisconsin counsel. (Paronich Decl. ¶ 3.) On September 9, 2025, Plaintiff reminded defense counsel that the responsive pleading was overdue and asked whether an extension or other filing would be forthcoming. Defense counsel responded that he had not yet secured local counsel but was exploring admission on his own. (Id. ¶ 4.) On September 10, 2025, defense counsel reported that he had submitted his admission application and expected to be admitted and to file an answer shortly. (Id. ¶ 5.)

By September 18, 2025, defense counsel confirmed admission, and that morning assured Plaintiff that an answer would be filed that same day. Yet only hours later, he advised that he had been instructed "not to appear" because Venture was looking to retain new counsel. (Id. ¶ 6.) At that point, Plaintiff moved for and obtained the Clerk's entry of default. These facts demonstrate that Defendant was aware of the lawsuit, understood that its answer was overdue, and made the strategic choice to abstain from appearing while it reconsidered its representation.

## Legal Standard

Under Rule 55(c), the Court may set aside an entry of default for "good cause." The Seventh Circuit applies a three-part framework, examining whether there was good cause for the default, whether the defaulting party took quick action to correct it, and whether the party presented a meritorious defense. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009). Where a party's default is willful, however, relief is properly denied. *Sims*, 475 F.3d at 868.

## Argument

**A. Venture's default was willful.**

Venture's narrative of inadvertence cannot be squared with the record. Defense counsel repeatedly acknowledged deadlines and confirmed he was admitted and prepared to file an answer. The only reason no answer was filed was that Defendant instructed him not to appear because it wanted to seek different counsel. (Paronich Decl. ¶ 6.) That was not mistake or neglect; it was a deliberate litigation choice. The Seventh Circuit has made clear that such conduct constitutes willful default and is not "good cause" within Rule 55(c). *Sims*, 475 F.3d at 868.

**B. Venture failed to take quick action.**

Quick action requires a prompt attempt to correct the default. Venture did not do so. After the Clerk's entry, Defendant sought stipulations that would provide it a lengthy extension to answer. When Plaintiff declined, Venture waited until weeks after the default to file the present motion. (Paronich Decl. ¶ 7.) This history of delay demonstrates that Venture did not act with dispatch and that the second factor also weighs against relief.

**C. Venture has not presented a meritorious defense.**

To establish a meritorious defense, a defendant must present more than bare legal conclusions; it must allege facts that, if proven, would constitute a defense. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Venture's motion merely speculates that Plaintiff may have consented, asserts in general terms that DNC rules do not apply to wireless subscribers, and suggests the absence of willfulness. Yet Venture has offered no records, lead source data, or vendor agreements to support these claims. Without factual support, the defenses

remain conclusory and insufficient.

**D. Plaintiff would be prejudiced if the default were vacated.**

Plaintiff continues to face the risk of fading memories, the loss of telemarketing records, and ongoing unlawful calls while this case is delayed. Plaintiff also had to prepare default materials and now this opposition due to Defendant's failure to appear. (Paronich Decl. ¶ 8.) The prejudice is particularly acute in a case involving consumer dialing records and vendor agreements, where information can be easily lost absent timely intervention and preservation.

**E. Any Relief Should Be Conditioned on Immediate Response and Strict Preservation Obligations**

If the Court is inclined to vacate the default, it should do so only under strict conditions designed to protect the integrity of the case. First, Venture should be ordered to file its answer within seven days. Second, the Court should enter a comprehensive preservation order requiring Defendant to preserve all dialing records, consent records, lead sources, vendor contracts, and all other materials bearing on DNC compliance. Third, the Court should set an expedited Rule 26(f) conference and discovery schedule to avoid further delay. These conditions are necessary to mitigate prejudice and ensure that critical evidence is not lost while this case proceeds.

<u>**Conclusion**</u>

Defendant's default was willful, it did not take quick action, and it has not shown a meritorious defense supported by facts. The Court should deny Defendant's motion. Alternatively, if relief is granted, it should be conditioned on immediate response and strict preservation requirements.

DATED this 11th day of October, 2025.

PLAINTIFF,
By his attorneys,

By:  _s/ Anthony I. Paronich_

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com