UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>VENTURE DEBT LLC,<br><br>Defendant. | Civil Action No.: 3:25-cv-00651<br><br>Hon. William M. Conley |

**DEFENDANT VENTURE DEBT LLC'S REPLY IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. PROC. 55(c)**

**I.    There is No Evidence of Willful Default by Venture**

Plaintiff has failed to provide this Court a proper basis to override the Seventh Circuit's strong policy favoring trial on the merits. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (describing the standard under Rule 55(c) as "lenient," consistent with "a policy of favoring trial on the merits over default judgment"). Plaintiff wrongfully accuses Defendant Venture Debt LLC ("Venture") of a "willful default" based entirely on hearsay statements contained in his counsel's self-serving declaration, which does not attach any of the referenced communications with unretained attorney Michael Ershowsky. Even if this Court were to consider it, however, Mr. Paronich's declaration shows that Venture fully intended to appear in the case and its default was inadvertent.

Even according to Mr. Paronich, Mr. Ershowsky was not authorized to represent Venture, was not admitted in Wisconsin, and needed more time to respond. Declaration of Anthony Paronich ISO Opposition ("Paronich Decl.") ¶¶ 2, 4. Mr. Paronich also claims that on September 18th, the same day Plaintiff moved for entry of default, Mr. Ershowsky informed him that Venture "was seeking to retain different counsel." *Id*., ¶ 6. These "facts" show the opposite of a "willful" default. Indeed, Mr. Paronich's own declaration demonstrates that Venture fully intended to appear and defend itself in this putative class action, but that it needed more time to retain counsel, which it did shortly thereafter.

Moreover, there is nothing in Mr. Paronich's declaration that contradicts the fact that Venture was unaware of any attempt at service of the Complaint until the same week Plaintiff moved for default. *See* Declaration of Brian Stulman ISO Motion, ¶ 3; *see also* Declaration of Michelle Catapang ISO Motion ("Catapang Decl."), ¶ 4 (discussing defense counsel's inquiry to Plaintiff's counsel about the status of service). To the extent Plaintiff seeks to imply that Venture must have been aware through Mr. Ershowsky of Plaintiff's service attempt and/or the expiration of the response deadline, there is no evidence that this was the case. There is simply no evidence of a "willful" default by Venture. Based on the foregoing and the reasons stated in its moving papers, Venture has satisfied the "good cause" requirement under Rule 55(c).

## II.     Venture Promptly Acted to Set Aside the Default

Plaintiff failed to address the authority cited in the moving papers in support of Venture's argument that it acted promptly to set aside the default, and Plaintiff has therefore conceded its application. *See* Dkt. 8 at 6 (citing *School Dist. of Janesville v. EB Employee Solutions, LLC*, 2022 U.S. Dist. LEXIS 18657, *2-3. (W.D. Wis. Feb. 2, 2022)). Instead, Plaintiff complains of "delay" caused by Venture's efforts to reach a reasonable stipulation with Plaintiff regarding

setting aside the default prior to filing this motion. However, Venture proposed a stipulation precisely to avoid further delay and expense associated with motion practice. And in any event, Venture promptly filed the instant motion just <u>one week</u> after it became clear that Plaintiff would not cooperate to set aside the default. *See* Catapang Decl., ¶ 8. The second prong of Rule 55(c) is clearly satisfied here.

### III. <u>Venture Has Several Meritorious Defenses To The Complaint</u>

Plaintiff argues that Venture failed to present a meritorious defense because it did not present "records, lead source data, or vendor agreements" to support its claims. *See* Dkt. 13 at 3. But there is no authority requiring Venture to present this type of evidence at this stage of the proceedings, and Plaintiff has cited none. Venture is not required at this stage to show that its defenses will prevail, and it has adequately demonstrated in its moving papers that it has, not one, but several meritorious defenses to Plaintiff's claims. *See Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

### IV. <u>The Prejudice To Venture Far Outweighs Any Minimal Prejudice To Plaintiff</u>

Plaintiff complains of "fading memories," loss of records, and the need to oppose this motion as a result of "delay" in the case. However, any delay caused by the default is brief, which Plaintiff could have reduced by simply agreeing to set aside the default and allowing Venture a brief extension within which to file a responsive pleading. In other words, Plaintiff himself contributed to any minimal prejudice he claims to have suffered. *See Sims v. EGA Prod., Inc.*, 475 F.3d 865, 869 (7th Cir. 2007) (concluding entry of default in the face of a five-month delay was "overkill").

On the other hand, there can be no dispute that Venture will be significantly prejudiced if the default is not set aside in view of the substantial monetary recovery sought by Plaintiff in this

nationwide class action.[1] Plaintiff failed to address the authority cited in the moving papers in support of this point, and has thus conceded its application in favor of granting the motion. *See* Dkt. 8 at 5 (citing *Sims*, 475 F.3d at 868 ("damages disproportionate to the wrong afford good cause" to set aside default).

**V.      The Court Should Allow Venture Twenty-One Days To File A Responsive Pleading**

Because Venture has been forced to focus its attention on setting aside the default, it requests twenty-one (21) days after entry of an order granting this motion to file its responsive pleading. As for Plaintiff's requests for a "preservation order" and an "expedited" schedule, these issues are premature because Venture is yet to appear in the case and because the parties have not met and conferred regarding these topics. Venture anticipates filing a motion to dismiss, and thus, any discussion about a case schedule or document preservation obligations should be deferred until after the pleadings are settled.

**VI.     Conclusion**

Based on the foregoing, and for the reasons stated in the moving papers, the Court should grant Venture's motion to set aside the default and allow Venture twenty-one days after entry of the Court's order to file a response to the Complaint.

Dated October 22, 2025.                                Respectfully submitted,

                                                       Venture Debt LLC

                                                       By: /s/ Anna-Katrina S. Christakis
                                                           One of its Attorneys

---

[1] Moreover, given that class damages aren't available in the context of a default judgment, it's surprising that Plaintiff opposes the Motion. *See Davis v. Hutchins*, 321 F.3d 641, 648 (2003) ("class damages cannot be awarded if no class is certified").

WBD (US) 4922-8668-9140

Anna-Katrina S. Christakis (#1023871)
Pilgrim Christakis LLP
One South Dearborn, Ste. 1420
Chicago, IL 60603
(312) 939-0920
kchristakis@pilgrimchristakis.com

Tomio B. Narita (pro hac vice forthcoming)
Michelle Catapang (pro hac vice forthcoming)
Womble Bond Dickinson (US) LLP
50 California Steet, Suite 2750
San Fransico, CA 94111
(415) 765-6244
Tomio.Narita@wbd-us.com
Michelle.Catapang@wbd-us.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, a true and correct copy of the foregoing **DEFENDANT VENTURE DEBT LLC'S REPLY IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. PROC. 55(c)** was filed via the CM/ECF System and was served upon the following:

>Alex Phillips, WI Bar No. 1098356
>**STRAUSS BORRELLI PLLC**
>One Magnificent Mile
>980 N Michigan Avenue, Suite 1610
>Chicago IL, 60611
>Telephone: (872) 263-1100
>Facsimile: (872) 263-1109
>aphillips@straussborrelli.com
>
>Anthony Paronich, *pro hac vice forthcoming*
>**PARONICH LAW, P.C.**
>350 Lincoln St., Suite 2400
>Hingham, MA 02043
>Telephone: (617) 485-0018
>anthony@paronichlaw.com

*s/*Anna-Katrina S. Christakis

WBD (US) 4922-8668-9140